THOMAS SHEREN *vs.* RICHARD J. MENDENHALL and another.

June 27, 1876.

**Private Savings Banks not Charities.**—A savings association, formed for the pecuniary profit of its members, is not a benevolent or charitable society, within the meaning of Pub. St. c. 17, §§ 56, 57.

The plaintiff brought this action in the district court for Hennepin county, against R. J. Mendenhall and R. J. Baldwin, to recover moneys deposited with them as partners under the name of the State Savings Association, a firm originally composed of defendants and one T. A. Merphy. The defendant Baldwin answered, denying the partnership, and alleging that the Savings Association was a corporation. At the trial in the district court, before *John H. Brown*, J., (acting for the judge of the fourth district) the plaintiff had a verdict; a new trial was refused, and defendants appealed.

*Lochren, McNair & Gilfillan*, for appellants.

*Wilson & Lawrence*, for respondent.

BERRY, J.[1]   Pub. St. c. 17, § 56, (which is amended by Laws 1863, c. 58,) authorizes any three or more persons, desirous of forming any benevolent or charitable society, to become a corporation upon taking certain steps prescribed therein, and in section 57 of the same chapter.   Under these provisions of statute, the defendants and one Merphy under-

[1] Cornell, J., having been of counsel, did not sit in this case.

took to form a corporation, the business of which is described in the "articles" as "such as is usually transacted by savings institutions." The articles provide that the "corporation shall be a joint-stock company, with a capital stock of twenty-five thousand dollars, divided into two hundred and fifty shares of one hundred dollars each."

By section 57 authority is given to make such by-laws and regulations as may be deemed "proper and best for the good order of the corporation." Rules and regulations were adopted, providing, among other things, for the receiving of deposits, and for semi-annual payments of interest thereon, at first "at the rate of six per cent. per annum, or such rate of interest as the profits of the association for the preceding six months will justify," and, subsequently, at the rate of 7 per cent. per annum. There is no provision in the articles by which the business of the association is required to be conducted for the sole benefit 'of the depositors, and for their sole profit, deducting expenses only.

It is, then, apparent, especially in view of the current rates of interest in this state, that this was an association for the pecuniary profit of the stockholders. This fact is decisive against the defendants' claim that their association is a benevolent or charitable society. The leading purpose of an association is the purpose which determines its character. *Ex vi termini*, a benevolent or charitable association must be one whose leading purpose is benevolence or charity, and not the pecuniary advantage of its members. The fact that a savings association, formed for the pecuniary profit of its stockholders, will, if well managed, promote economy and providence in depositors, is a mere incident to its characteristic purpose. Any useful employment directly or indirectly benefits others than the persons employed; but, if it be carried on for the pecuniary profit of such persons, it is never spoken of as benevolent or charitable. It follows that the court below was right in holding that the

association in question was not authorized by sections 56 and 57 before cited, and was, therefore, not a corporation. Order affirmed.

---

[1] Cornell, J., having been of counsel, did not sit in this case.